FILED
9/14/2018 6:41 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

**2018CI17797**

CAUSE NO. _____

| | | |
|---|---|---|
| MARGARITA GOMEZ, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | **150TH** |
| vs. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| OFFICE ALLY, INC., and | § | |
| BRIAN O'NEILL. | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF MARGARITA GOMEZ, by and through her undersigned attorneys of record, and, in accordance with the Texas Rules of Civil Procedure, files this, her Original Petition, against DEFENDANTS OFFICE ALLY, INC. and BRIAN O'NEILL. For cause of action, Ms. Gomez would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Ms. Gomez intends that discovery be conducted under Level 2 and affirmatively pleads that she seeks monetary relief aggregating more than $50,000.00 and injunctive relief.

### II.
### THE PARTIES

2. Ms. Gomez is a citizen of the United States and a Texas resident living at 28915 Gooseberry, San Antonio, Bexar County, Texas 78260.

3. Defendant Office Ally, Inc. is a foreign for-profit corporation duly organized under the Texas Business and Commerce Code and operating pursuant to the laws of the State of

Texas. Defendant can be served with citation upon its registered agent for service of process, Brian O'Neill, 8415 Datapoint Drive, Suite 900, San Antonio, Texas 78229.

4. Defendant Brian O'Neill ("O'Neill") is a citizen of the United States and serves as the Chief Executive Officer of Office Ally, Inc. At all relevant times hereto, O'Neill exercised supervisory authority over Ms. Gomez and possessed authority to act, directly or indirectly, in the interests of Office Ally, Inc. O'Neill can be served with citation at 8415 Datapoint Drive, Suite 900, San Antonio, Texas 78229.

### III.
### JURISDICTION

5. On or about June 14, 2018 and within 180 days after Defendant terminated her, Ms. Gomez timely filed a Charge of Discrimination against Defendant with the appropriate administrative agencies, including the United States Equal Employment Opportunity Commission ("EEOC") identified as Charge No. 451-2018-001719 and the Civil Rights Division of the Texas Workforce Commission ("TWC") identified as Charge No. 451-2018-001719.[1]

6. On or about July 23, 2018, Ms. Gomez received a Notice of Right to File a Civil Action (hereinafter "Notice") from the TWC.[2]

7. By filing a Charge of Discrimination, receiving her Notice, and filing suit within 60 days of receiving her Notice, Ms. Gomez has complied with all conditions precedent and exhausted all applicable administrative remedies prior to filing suit.

### IV.
### VENUE

8. Because the acts and omissions forming the basis of this suit occurred in Bexar County, Texas, venue is appropriate in the district courts of Bexar County, Texas.

---

[1] See Exhibit 1, Charge of Discrimination, annexed hereto and incorporated by reference as if fully set forth herein.
[2] See Exhibit 2, Notice, annexed hereto and incorporated by reference as if fully set forth herein.

2

9.      Defendant, at all relevant times hereto, was Ms. Gomez's employer as defined by and within the meaning of the Texas Labor Code and the Family Medical Leave Act ("FMLA").

## V.
## STATEMENT OF FACTS

10.     Defendant hired Ms. Gomez on August 25, 2014 to serve in the position of Human Resource Manager. She possessed the requisite skill, experience, education and other job-related requirements for the position. Ms. Gomez worked at Defendant's facility located at 8415 Datapoint Drive, Floor 8, San Antonio, Texas 78229. At all relevant times hereto, Ms. Gomez performed her job duties and responsibilities above and beyond expectations. O'Neill was Ms. Gomez's direct supervisor.

11.     Ms. Gomez's mother, Alicia Aldana, is 85 years old and suffers from degenerative neurological cortical and subcortical dementia. She experiences persistent problems thinking and reasoning. She suffers from acute memory loss, impaired decision-making abilities, and a diminished ability to communicate her thoughts and feelings. Dementia substantially limits Ms. Aldana's major life activities including, but not limited to, caring for herself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. Dementia also substantially limits Ms. Aldana's major bodily functions including, but not limited to, her immune system, normal cell growth, her digestive system, bowel and bladder functions, neurological and brain functions, and her respiratory, circulatory, and endocrine functions.

12.     In March 2015, Ms. Gomez informed O'Neill that she would be discharging her mother from a nursing home facility in El Paso, Texas and bringing her to San Antonio, Texas to personally provide for her health and welfare in her home. O'Neill frowned upon Ms. Gomez's

3

plans and attempted to persuade her to place Ms. Aldana in a San Antonio-area nursing home instead. Ms. Gomez would have none of O'Neill's pressure and brought Ms. Aldana home.

13. Ms. Gomez is the primary caretaker for her mother. She provides first-tier medical care and nursing to Ms. Aldana by checking her on a daily basis, feeding her on a daily basis, bathing her on a daily basis, and providing medications to her on a daily basis. Ms. Gomez also cares for her mother by changing her clothes and washing her linens. Ms. Gomez schedules and transports her mother to all medical appointments.

14. During her employment with Defendant, Ms. Gomez regularly arrived for work early and left late. If she was called out of the office to attend to her mother, take her to a medical appointment, or otherwise care for her, Ms. Gomez always reported her leave to O'Neill and would make the hours up by working late at the office or working late from home. Ms. Gomez consistently worked fifty to fifty-five hours per week for Defendant. O'Neill approved her working late at the office or working late from home.

15. On February 18, 2018, Ms. Gomez arrived to work one and a half hours late because she had cared for her mother. O'Neill told Ms. Gomez she needed to account for her tardiness by reporting the hour and a half as unpaid FMLA leave. Later that same day, O'Neill told another employee that Ms. Gomez allowed her caregiving responsibilities to interfere with her job responsibilities and further stated Ms. Gomez should put her mother in a nursing home.

16. On February 19, 2018, Ms. Gomez asked for and received an FMLA benefits packet from Gloria Chung ("Chung"), Chief Operating Officer, for the purpose of applying for and taking protected leave to care for her mother. Ms. Gomez was out on approved FMLA leave from February 19, 2018 to May 15, 2018.

17. O'Neill began a carefully calculated campaign of harassment and retaliation against Ms. Gomez. He rescinded Ms. Gomez's permission and authorization to access the company computer system by seizing her laptop computer. He also falsely accused Ms. Gomez of stealing company property.

18. When Ms. Gomez returned from FMLA on May 16, 2018, she asked O'Neill if she could work a modified "flex schedule" so that she could more easily care for her mother. Ms. Gomez had occasionally worked from home before, without incident. In fact, O'Neill had permitted other employees in Defendant's Washington and California offices to work "flex schedules" so Ms. Gomez did not think it would be problematic. O'Neill flatly denied her request.

19. On May 23, 2018, O'Neill discharged Ms. Gomez on the pretext that she was a poor manager and failed to perform her job responsibilities satisfactorily.

## VI.
## VIOLATIONS OF THE TEXAS LABOR CODE

20. Whenever Ms. Gomez pleads that Defendant engaged in any act or omission, she also pleads that Defendant's officers, agents, servants, employees or representatives, engaged in said act or omission in the course and scope of employment and with the full authorization or ratification of Defendant.

21. By and through her Original Petition, Ms. Gomez pleads that she was hired by Defendant and, *ipso facto*, was qualified for the position of Human Resources Manager based upon her requisite skill, experience, education and other job-related requirements for the position.

22. By and through her Original Petition, Ms. Gomez pleads that Defendant excluded and/or denied equal jobs or benefits, or otherwise discriminated against her because of the

known disability of an individual, Ms. Aldana, with whom Ms. Gomez is known to have a family, business, social or other relationship or association. Moreover, Ms. Gomez pleads that she provided Defendant with actual notice of her relationship and/or association with a person with a known disability or, in the alternative, that Defendant was on constructive notice of such relationship or association. Despite this knowledge, Defendant failed to offer or make a reasonable accommodation to Ms. Gomez including, but not limited to, the reassignment of the marginal functions of her job, reassignment to a vacant position, a part-time or modified work schedule, job restructuring, and other similar accommodations.

23. By and through her Original Petition, Ms. Gomez pleads that Defendant relied upon her relationship or association with a person with a known disability in its failure and/or refusal to offer or make an accommodation and further relied upon such relationship or association as the basis upon which to terminate her employment. Ms. Gomez's relationship or association with a person with a known disability was a motivating factor in Defendant's decision to terminate her.

24. Further, and in the alternative, Ms. Gomez pleads Defendant perceived her mother's dementia as, in fact, substantially limiting or suffered an impairment that was substantially limiting only because of the attitude expressed by Defendant.

25. Further, and in the alternative, Ms. Gomez pleads that Ms. Aldana has an established record of disability that substantially limits one or more major of her major life activities. More specifically, Ms. Gomez avers that Ms. Aldana suffers from a history of and/or has been misclassified as having a mental or physical impairment that substantially limits one or more major life activities.

26. By and through her Original Petition, Ms. Gomez pleads a *prima* facie case of retaliation and contends:

   a. that she engaged in protected conduct and opposed unlawful conduct;

   b. that she was terminated; and

   c. a causal connection exists between her protected conduct and her termination.

## VII.
## VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

27. By and through her Original Petition, Ms. Gomez pleads that she was entitled to all statutory benefits available to eligible employees under the FMLA, including the right to care for a family member suffering from a serious health condition.

28. By and through her Original Petition, Ms. Gomez pleads that Defendant employed her for 12 months prior to terminating her.

29. By and through her Original Petition, Ms. Gomez pleads that Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2018.

30. By and through her Original Petition, Ms. Gomez pleads that she worked for Defendant at least 1,250 hours over the 12 months prior to her termination.

31. By and through her Original Petition, Ms. Gomez pleads that she submitted a request for leave under the FMLA to Chung for the purpose of caring for her mother, Ms. Aldana, because she suffered from a serious health condition rendering her unable to care for her own medical, safety, and other needs and to provide psychological comfort and reassurance to her.

32. By and through her Original Petition, Ms. Gomez pleads that Office Ally, Inc. and O'Neill retaliated against Ms. Gomez because she exercised her rights under the FMLA. More specifically, Ms. Gomez pleads a *prima facie* case of FMLA retaliation and contends:

   a. Ms. Gomez was protected under the FMLA;

   b. Ms. Gomez suffered an adverse employment action;

   c. Ms. Gomez was treated less favorably than an employee who had not requested leave under the FMLA;

   d. Ms. Gomez suffered an adverse employment action because she sought FMLA leave.

33. By and through her Original Petition, Ms. Gomez pleads that Defendant denied her the opportunity to be restored to her original position or to an equivalent position with equivalent pay, benefits and other terms and conditions of employment.

34. By and through her Original Petition, Ms. Gomez pleads that the violations of the FMLA committed by Defendant and the resulting harms and damages constitute a continuing and ongoing violation of the FMLA.

## VIII.
## DAMAGES

35. By and through her Original Petition, Ms. Gomez pleads that Defendant, and its agents, employees and representatives, have caused her grievous harm and damages. As a direct and proximate result of its violations of Texas law, Defendant has caused Ms. Gomez to suffer extensive damages in excess of the minimum the jurisdictional limits of this Court.

36. By and through her Original Petition, Ms. Gomez pleads that Defendant has caused her to suffer acute mental anguish and severe emotional distress including, but not limited to, intense feelings of guilt and depression, anxiety, worry, apprehension, low self-esteem, severe humiliation, belittlement, shame, uncontrollable panic attacks, loss of sleep and appetite, and

alienation of affection from her family and friends. Ms. Gomez will, in all likelihood and for the balance of her life, continue to suffer these damages.

37. By and through her Original Petition, Ms. Gomez pleads that Defendant caused Ms. Gomez to suffer lost back wages, lost future wages, and loss of other valuable employment benefits such as insurance and retirement benefits. Ms. Gomez will continue to suffer these wages and benefits into the foreseeable future.

38. By and through her Original Petition, Ms. Gomez pleads that Defendants are liable to her for liquidated damages.

39. By and through her Original Petition, Ms. Gomez pleads that Defendants are liable to her for exemplary damages.

40. Ms. Gomez was forced to secure the undersigned counsel to protect her rights guaranteed by the Texas Labor Code and the FMLA and, therefore, requests an award of attorney's fees and taxable costs of Court.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF MARGARITA GOMEZ respectfully prays that, upon final trial on the merits, she recover judgment against DEFENDANTS OFFICE ALLY, INC. and BRIAN O'NEILL, said judgment entitling her to:

1. Compensation for all reasonable damages, including, but not limited to, past and future wages and other compensation, in an amount to be determined upon inquest;

2. Compensation for compensatory damages such as mental anguish and emotional pain and suffering, in an amount to be determined upon inquest;

3. A mandatory injunction reinstating Ms. Gomez to full employment, with all lost wages and pertinent employment benefits, retroactive to May 23, 2018, or instating her to any position for which she applied and was otherwise qualified to hold;

4. Liquidated damages;

5.  Exemplary damages;

6.  Reasonable and necessary attorney's fees;

7.  All taxable costs of court expended in this lawsuit;

8.  Pre-judgment and post-judgment interest, at the maximum rate permitted by law; and

9.  Such other and further legal relief, either at law or equity, to which Ms. Gomez may be justly entitled.

PLAINTIFF HEREBY REQUESTS TRIAL BY JURY.

        Respectfully submitted,

        SÁNCHEZ & WILSON, P.L.L.C.
        MARK ANTHONY SÁNCHEZ, ESQ.
        6243 IH-10 West, Suite 1025
        San Antonio, Texas 78201-2020
        (210) 222-8899
        (210) 222-9526 (Telecopier)
        ATTORNEYS FOR PLAINTIFF

        By: /s/ Mark Anthony Sánchez
           MARK ANTHONY SÁNCHEZ, ESQ.
           TEXAS STATE BAR NO. 00795857

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>451-2018-01719 |
|---|---|---|

Texas Workforce Commission Civil Rights Division                              and EEOC
_State or local Agency, if any_

| Name _(indicate Mr., Ms., Mrs.)_<br>Mrs. Margarita Gomez | Home Phone<br>(210) 269-2503 | Year of Birth<br>1960 |
|---|---|---|

Street Address                                City, State and ZIP Code
28915 Gooseberry, SAN ANTONIO, TX 78260

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (_If more than two, list under PARTICULARS below._)

| Name<br>OFFICE ALLY, INC. | No. Employees, Members<br>201 - 500 | Phone No.<br>(360) 975-7000 |
|---|---|---|

Street Address                                City, State and ZIP Code
8415 Data Point, Floor 8, SAN ANTONIO, TX 78229

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address                                City, State and ZIP Code

DISCRIMINATION BASED ON _(Check appropriate box(es).)_

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER _(Specify)_

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-23-2018    Latest: 05-23-2018
[ ] CONTINUING ACTION

THE PARTICULARS ARE _(If additional paper is needed, attach extra sheet(s))_:

I was the Human Resource Manager for the above Respondent, responsible for three locations in three different states. In my experience in working for Brian O'Neill, CEO, he frowned upon employees as well as Managers who utilized FMLA. Mr. O'Neill carried conversations with me about certain employees on FMLA and made negative comments on time missed and my response was to ascertain their protected rights under FMLA. On February 12, 2018, I was late 1 hour 1/2 due to my care-giving responsibilities and Mr. O'Neill became upset citing I should take FMLA even though throughout the almost two years I have cared for my mom, I over compensated by working 10 - 15 hours over my 40 hour week. On this day, Mr. O'Neill specifically shared his loathing with a non-exempt employee making the assumption taking care of my mother was interfering with my performance and that I should have put her in a nursing home. From this day forward, I was treated adversely and created a hostile work environment. Mr. O'Neill accused me of causing hostility between two locations and my HR leadership role was reduced; Mr. O'Neill audited my direct employee's time card and FOB and accused me of not following the attendance policy and falsifying her time sheet. Upon my return from FMLA on May 16, 2018, I asked him if he could afford me a flex-schedule, widely used in at the WA and CA locations, so that I could adequately take care of my mother and perform my duties,. Unfortunately, he denied my request citing a security protocol even though the flex schedules are widely used in CA and WA. While I was on FMLA, my access was cut off and I was asked to send back my laptop which is not consistent with other leaders while on leave, I was also

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - _When necessary for State and Local Agency Requirements_ |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br>_[signature]_<br>Digitally signed by Margarita Gomez on 06-14-2018 01:01 PM EDT | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE _(month, day, year)_ |

**Exhibit 1**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>451-2018-01719 |
|---|---|---|
| Texas Workforce Commission Civil Rights Division<br>*State or local Agency, if any* | | and EEOC |

accused of stealing Office Ally property and my computer files were under investigation by IT. Upon my return from FMLA, I was terminated by Mr. O'Neill for unprofessionalism. I believe I was terminated because of my association with a disabled person and I was retaliated against thereafter in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>*[signature]*<br><br>Digitally signed by Margarita Gomez on 06-14-2018 01:01 PM EDT | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

# Texas Workforce Commission
A Member of Texas Workforce Solutions

Andres Alcantar, Chairman
Commissioner Representing the Public

Ruth R. Hughs
Commissioner Representing Employers

Julian Alvarez
Commissioner Representing Labor

Larry E. Temple
Executive Director

July 9, 2018

Margarita Gomez
c/o Mark Anthony Sanchez, Esq.
Sanchez & Wilson, PLLC
6243 IH-10 West, Ste. 1025
San Antonio, TX 78201

Re:    *Margarita Gomez v. Office Ally, Inc.*
       EEOC # 451-2018-01719

Dear Ms. Gomez:

The Texas Workforce Commission Civil Rights Division (TWCCRD) has received and carefully reviewed your recent request to issue the Notice of Right to File a Civil Action (NRTFCA) on the above referenced charge. According to the documentation provided, <u>180 days has not passed since the filing of this charge</u>.

As stated in Texas Labor Code Chapter 21 Sec. 21.253, our agency may issue a notice to file civil action in the event that the executive director certifies that administrative processing of the complaint cannot be completed before the 181st day after the date the complaint was filed.

This is to certify that our office will be unable to complete an investigation before the 181st day and thus may issue a Notice of Right to File Civil Action.

The above-referenced case was processed by the United States Equal Employment Opportunity Commission or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to Chapter 21 of the Texas Labor Code.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right to file a civil action may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - *et seq*.

[Stamp: SANCHEZ & WILSON, PLLC  JUL 23 2018  RECEIVED]

Exhibit 2

Margarita Gomez
July 9, 2018
Page 2

If you have any questions, please contact our office.at (512) 463-2642 or (888) 452-4778.

Sincerely,

Lowell A. Keig
Director
Civil Rights Division

**RETAIN ENVELOPE TO VERIFY DATE RECEIVED**

Copy to:
Office Ally, INC.
c/o Brian O'Neill, CEO
8415 Data Point, Floor 8
San Antonio, TX  78229

101 E. 15th Street •Guadalupe CRD •Austin, TX 78778-0001 • (512) 463-2642 (T) • (512) 482-8465 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988 (Voice) •
www.texasworkforce.org
Equal Opportunity Employer / Program

TEXAS
**WORKFORCE SOLUTIONS**


U.S. POSTAGE >> PITNEY BOWES
ZIP 78701 $ 006.67°
02 4W
0000345637 JUL 10 2018



RECEIVED
JUL 23 ...
WILSON PLLC


CERTIFIED MAIL

7017 2620 0000 5042 2792

Margarita Gomez
c/o Mark Anthony Sanchez, Esq.
Sanchez & Wilson, PLLC
6243 IH-10 West, Ste. 1025
San Antonio, TX 78201



U-11
**TEXAS WORKFORCE COMMISSION**
Civil Rights Division
101 East 15th Street, Guadalupe CRD
Austin, TX 78778-0001

OFFICIAL BUSINESS

# CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ | COURT *(FOR CLERK USE ONLY)*: _____ |
|---|---|

STYLED: Margarita Gomez v. Office Ally, Inc., and Brian O'Neill
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Name: Mark Anthony Sánchez, Esq. | Email: mas@sanchezwilson.com |
|---|---|
| Address: 6243 IH-10 West, Suite 1025 | Telephone: (210) 222-8899 |
| City/State/Zip: San Antonio, Texas 78201 | Fax: (210) 222-9539 |
| Signature: /s/ Mark Anthony Sánchez | State Bar No: 00795857 |

**Names of parties in case:**
Plaintiff(s)/Petitioner(s): Margarita Gomez
Defendant(s)/Respondent(s): Office Ally, Inc., and Brian O'Neill
[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:
Custodial Parent: _____
Non-Custodial Parent: _____
Presumed Father: _____

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

**Civil**

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |

**Family Law**

| | | Related to Criminal Matters | Other Family Law | Parent-Child Relationship |
|---|---|---|---|---|
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: | ☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |

| Employment | Other Civil | |
|---|---|---|
| ☒ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Cause Number: _____

District Court: _____



# Donna Kay McKinney
## Bexar County District Clerk

### Request for Process

**Style:** Margarita Gomez    **Vs.** Office Ally, Inc. and Brian O'Neill

Request the following process: (Please check all that Apply)
- ☒ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Application for Protective Order
- ☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept without a hearing ☐ Writ of Attachment
- ☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**
**Name:** Office Ally, Inc.
**Registered Agent/By Serving:** Brian O'Neill
**Address:** 8415 Datapoint Drive, Suite 900, San Antonio, Texas 78229
**Service Type:** (Check One) ☒ Private Process ☐ Sheriff ☐ Commissioner of Insurance ☐ SA Express News ☐ Hart Beat ☐ Courthouse Door
☐ Certified Mail ☐ Registered Mail ☐ Out of County ☐ Secretary of State ☐ Constable Pct __
(Pct. 3 serves process countywide)

**2.**
**Name:** Brian O'Neill
**Registered Agent/By Serving:** _____
**Address:** 8415 Datapoint Drive, Suite 900, San Antonio, Texas 78229
**Service Type:** (Check One) ☒ Private Process ☐ Sheriff ☐ Commissioner of Insurance ☐ SA Express News ☐ Hart Beat ☐ Courthouse Door
☐ Certified Mail ☐ Registered Mail ☐ Out of County ☐ Secretary of State ☐ Constable Pct __
(Pct. 3 serves process countywide)

**3.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address:** _____
**Service Type:** (Check One) ☐ Private Process ☐ Sheriff ☐ Commissioner of Insurance ☐ SA Express News ☐ Hart Beat ☐ Courthouse Door
☐ Certified Mail ☐ Registered Mail ☐ Out of County ☐ Secretary of State ☐ Constable Pct __
(Pct. 3 serves process countywide)

**4.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address:** _____
**Service Type:** (Check One) ☐ Private Process ☐ Sheriff ☐ Commissioner of Insurance ☐ SA Express News ☐ Hart Beat ☐ Courthouse Door
☐ Certified Mail ☐ Registered Mail ☐ Out of County ☐ Secretary of State ☐ Constable Pct __
(Pct. 3 serves process countywide)

**Title of Document/Pleading to be Attached to Process:** _____

**Name of Attorney/Pro se:** Mark Anthony Sánchez    **Bar Number:** 0795857
**Address:** 6243 IH 10 West, Suite 1025    **Phone Number:** 210-222-8899
San Antonio, Texas 78201

**Attorney for Plaintiff** X _____ **Defendant** _____ **Other** _____

****IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED****